**Minta STAMPER, Appellant,**

v.

**Wendell CAUDILL et al., Appellees.**

Court of Appeals of Kentucky.

June 10, 1960.

Harry M. Caudill, Whitesburg, for appellant.

Stephen Combs, Jr., Whitesburg, for appellees.

MILLIKEN, Judge.

In this action for trespass and damages, and to enjoin further trespasses, two questions are presented: Did the deed executed in 1915 by the predecessors in title to the lands owned by both parties to this action convey the strip of land contended for by the appellees? If not, have the appellees acquired the use of the strip of land used as a road by virtue of a prescriptive right? The chancellor decided that the appellees have the right to use the strip of land both by virtue of the deed and by prescriptive right, and dismissed the complaint. From that judgment the appellant, plaintiff below, appeals.

The description in a deed of conveyance dated November 19, 1915, from Martin Akeman, his wife and daughter to E. H. Combs is involved. Appellant's title has descended through mesne conveyances from the Akemans, while appellees' title has descended from E. H. Combs. The Akeman deed granted and conveyed a "certain strip or parcel of land * * * more particularly described as follows: Beginning at the line of E. H. Combs, at or near the mouth of Stillhouse Branch; thence down said branch

as it meanders to the river; thence across the river to Lexington and Eastern right-of-way at South end of Bridge No. 118; thence an Eastwardly direction to a small dreen at mouth of 'old land'; thence up said dreen as it meanders to line of E. H. Combs, said strip to be 12 feet in width and extending across the lands of the parties of the first part from E. H. Combs' line on North side of Kentucky River to E. H. Combs' line on South side of said River."

■ Following the deed call by call, there appears no ambiguity in the instrument. It was admitted by one of the appellees' own witnesses, Mrs. E. H. Combs, that there was in 1915 a pathway as contended by the appellant on the eastern border of the now Stamper property. The strip of land contended by the appellees to be the one in question crosses the railroad tracks not at the south end of the bridge but 975 feet from the south end of the bridge, then turns eastwardly to parallel a drain a short distance, then crosses that drain and three others in the process of reaching the Caudill property line on the western border of the Stamper property. Therefore, it must be concluded that the strip of land conveyed in 1915 is the pathway contended for by the appellant.

■ The appellees' own witnesses again show that no right by prescription has been acquired. Powers Caudill testified that when he went on the Stamper property in 1948 to help build a house for his daughter and her husband, who was the appellant's son, there were two gates across the road leading from the highway to the Stamper house. James Combs who lived in the Caudill house about 1947 used the road in question. However, he stated that he had used it only once when he moved in his furniture, and at that time he tore down the fence separating the two properties to get to the now Caudill house. Prior to these times there is only the statement of Mrs. E. H. Combs that both she and her husband used the road whenever they wanted to go by that route. But, she further stated that she used it only when she had a wagon or something to take over from her home to the other part of the farm. While her son, James Combs, testified that his father used the road when he needed to reach his farm, the only two specific occasions he remembered were when his father obtained a cane mill from the appellant's husband and when his father hauled some fence posts over the road for use on a common boundary line. Therefore, it must be concluded that the appellees failed to establish that the road had been continually used by the public for fifteen years.

The judgment is reversed.